*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-957

IN RE DARYL J. HUDSON, III, RESPONDENT.

A Suspended Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 292045)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-268-13)

(Submitted April 8, 2014                    Decided April 24, 2014)

Before EASTERLY and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: Respondent, Daryl J. Hudson, III, was convicted in the United States District Court for the District of New Mexico on April 4, 2013, of seven counts of wire fraud in violation of 18 U.S.C. § 1343 (2012). This court suspended respondent from the District of Columbia Bar on September 17, 2013. We ordered the Board of Professional Responsibility ("the Board") to determine whether respondent's convictions related to crimes involving moral turpitude within the

meaning of the D.C. Code § 11-2503 (a) (2012 Repl.).[1] The Board determined that wire fraud is a crime of moral turpitude *per se* and concluded, therefore, that respondent's disbarment is required.[2] Neither respondent nor Bar Counsel have filed an exception to the Board's recommendation. Pursuant to D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon expiration of the time permitted for filing exceptions."

---

[1] When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude, and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice. . . . If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and such person shall thereafter cease to be a member.

D.C. Code § 11-2503 (a) (2012 Repl.).

[2] Bar Counsel and the Board recommended that this court withhold the imposition of final discipline until respondent's appeal was resolved and his conviction became final. *See* D.C. Code § 11-2503 (a); D.C. Bar R. XI, § 10 (d) (stating that a disciplinary "proceeding shall not be concluded until all direct appeals from conviction of the crime have been completed"); *In re Blair*, 40 A.3d 883, 886 (D.C. 2012) ("The pendency of an appeal should not delay the Board's recommendation in this matter, but the Court should defer final action until an appeal is decided, and the convictions are final."). Bar Counsel informed the court on March 26, 2014, that the United States Court of Appeals for the Tenth Circuit affirmed respondent's convictions on February 21, 2014.

Accordingly, respondent is hereby disbarred from the District of Columbia Bar.  For purposes of reinstatement, the disbarment will begin on the date that respondent files an affidavit demonstrating compliance with D.C. Bar Rule XI, § 14.[3]


*So ordered.*

---

[3]  On September 19, 2013, Bar Counsel sent respondent a letter informing him of his obligation to file an affidavit demonstrating compliance with D.C. Bar Rule XI, § 14.  To date, respondent has not filed this affidavit.