*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-889

IN RE JEROME E. CLAIR, RESPONDENT.

FILED 11/3/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 207431)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-025-14)

(Submitted May 17, 2016                                     Decided November 3, 2016)

Before FISHER and EASTERLY, *Associate Judges*, and KING, *Senior Judge*.

PER CURIAM: On August 3, 2015, the Board on Professional Responsibility ("the Board") found that Jerome E. Clair, respondent, violated District of Columbia Rules of Professional Conduct 3.3 (a)(1), 3.4 (c), 8.4 (c), and 8.5 (d) in connection with his representation in a personal injury action against the District of Columbia Water and Sewer Authority, as well as Rules 1.15 (a), 1.15 (c), 3.4 (c), 8.4 (b), and 8.4 (c) in connection with his representation in an estate matter. The Board adopted all but one of the Ad Hoc Hearing Committee's findings of fact and conclusions of law, to which neither Mr. Clair nor Bar Counsel had filed exceptions. Concluding that Mr. Clair had intentionally misappropriated funds

from the client in the estate matter, the Board recommended that he should be disbarred, with the requirement to pay restitution with interest, pursuant to *In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc).

Pursuant to District of Columbia Bar Rule XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the Court [of Appeals] will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also, e.g.*, *In re Wemhoff*, 142 A.3d 573 (D.C. 2016) (per curiam); *In re Fitzgerald*, 109 A.3d 619 (D.C. 2014) (per curiam); *In re Hudson*, 89 A.3d 517 (D.C. 2014) (per curiam). Neither Mr. Clair nor Bar Counsel filed exceptions to the Report and Recommendation of the Board.[1]

Accordingly, respondent Jerome E. Clair is hereby disbarred from the District of Columbia Bar. For purposes of reinstatement, the disbarment will begin on the date that the respondent files an affidavit demonstrating compliance with District of Columbia Bar Rule XI, § 14 (g). *See* § 14 (f).

---

[1] Bar Counsel waived any exception to the Report and Recommendation of the Board if Mr. Clair did not file exceptions.

It is further ordered that, as a condition of reinstatement, respondent must pay in restitution the amounts determined by the Board: $51,257.88, plus interest at the legal rate, to the Estate of Mable Mills (or to the Clients' Security Fund, to the extent that it has paid any monies in these matters); $1,020, plus the legal interest rate, to Matthew Goodman, Esq.; and $500, plus the legal interest rate, to the registry of the Superior Court.

*So ordered.*